(61 App. Div. 253.)

### NORTH v. TAYLOR et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

**1. BANKRUPTCY—PREFERENCES—HUSBAND AND WIFE.**

Bankr. Act 1898, § 60, provides that preferences given within a stated time by the bankrupt to persons who shall have reasonable cause to believe that it was intended thereby to give a preference shall be voidable by the trustee, who may recover the property or its value from such persons. A husband gave his wife his own note for her note against a bankrupt, and then surrendered the note to the bankrupt as part payment for his stock of goods. There was no evidence that the husband acted as the wife's agent, or that she was cognizant that the maker of her note was bankrupt. She received none of the proceeds of the transfer to her husband. *Held*, that the trustee could not recover the amount of the note from the wife, as one who had received a preference in violation of the act.

**2. SAME.**

Where a transferee, in consideration of the transfer of the bankrupt's goods to him, agreed to pay notes of the bankrupt, and subsequently did pay them, but with his own funds, the action of the creditors in obtaining an injunction against the transferee, preventing him from disposing of the goods, being a repudiation of the sale, will bar the trustee from claiming on the notes against the indorsers thereon or the transferee of the goods, as preferred creditors, within the act.

**3. SAME—KNOWLEDGE.**

Where a bankrupt transferred his goods in violation of this section of the act, and the transferee agreed to pay notes of the bankrupt, and did pay them, with his own funds, indorsers of the notes, having no knowledge or reasonable cause to believe that the bankrupt transferred his property with prohibited intention, could not be held liable to the trustees, as preferred creditors, within the act.

Appeal from judgment on report of referee.

Action by Julius B. North, as trustee in bankruptcy of Delbert A. Taylor, against Delbert A. Taylor and others. From a judgment for plaintiff, defendants appeal. Affirmed in part, and reversed in part.

This action was brought by plaintiff, as trustee in bankruptcy, to set aside the transfer of property from the bankrupt, Taylor, to the defendant Frank Fish, as fraudulent and void, and to recover from him such property, or the proceeds thereof, and also to recover, as against the defendant Brown, certain property alleged to have been fraudulently transferred to him by said bankrupt, and also to recover, as against the defendants Elizabeth Fish, Howland Fish, and Cora F. Taylor, certain sums received by them, or paid for their benefit, in violation of the provisions of section 60 of the bankrupt law. The

issues were referred to a referee to hear, try, and determine, and this appeal is taken from the judgment rendered on his decision thereon.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Fred A. Bratt, for appellants Fish.

Potter & Kellogg, for appellants Taylor.

R. O. Bascom and Edgar T. Brackett, for respondent.

PARKER, P. J. The conclusion of the referee that the transfer from the bankrupt, Taylor, to Frank Fish, of the stock of boots and shoes and book accounts, was fraudulent, and made with intent on the part of both to hinder, delay, and defraud the creditors of Taylor, is one with which we are not disposed to interfere. It is a pure question of fact, and of that character which peculiarly requires a view of the witnesses, and that one be in touch with the atmosphere surrounding the trial, to reach a satisfactory conclusion. We affirm, therefore, the judgment, so far as it avoids that transfer, and directs that said Fish restore the property, or the proceeds thereof. We also affirm so much of the judgment as avoids, as fraudulent, the transfer from said Taylor to the defendant Brown, and allows the plaintiff to recover from Brown the same, or the proceeds thereof. No appeal by Brown being now pending, we have not that question before us. So much of the judgment, however, as gives to the plaintiff the right to recover $570 against the defendant Elizabeth Fish, and so much as gives to him a right to recover $1,141.50 against the defendants Cora F. Taylor and Howland Fish, is not, in our judgment, sustained by the facts which clearly appear from the evidence in this case. Elizabeth Fish, just prior to the fraudulent transfer to Frank Fish, who is her husband, held a note for $500 given to her by said bankrupt, Taylor, and upon which there was then due for principal and interest about $525. Concededly, it was a bona fide claim; and, in the agreement between Fish and Taylor, Fish was to procure and turn over to Taylor this note, as a part of the purchase price for the boot and shoe stock then transferred to him. In pursuance of such arrangement, a day or two before the transfer Frank Fish gave his own note for $500 to Elizabeth Fish, and took from her in exchange the note which she held against Taylor; and, upon the transfer, such note was surrendered to Taylor, as part payment for the stock. There is no evidence, nor, indeed, is there any claim, that Elizabeth Fish herself then knew that Taylor was bankrupt or was preferring any of his creditors. She was in no way a party to the scheme. The idea that her husband acted as her agent to procure this preference is not sustained by the proof. She never made him such an agent, or knew that he had any purpose of acting as such. So far as she appears in the transaction, she sold her note against Taylor to her husband, and took his note in exchange therefor. That note she still holds, and it is all she has ever received upon or for the note given by Taylor. Frank Fish then became her debtor, and not her agent. He himself was thenceforth the creditor of the bankrupt to the extent of that note. He then held it against Taylor, and he

was the party preferred by the transfer to him of the boots and shoes in exchange therefor. The claim, therefore, that this plaintiff may recover against her the amount of such note, as a creditor who has received a preference in violation of section 60 of the bankrupt act, is not sustained by the facts. No part of the bankrupt's assets has been diverted to pay her debt. She had ceased to be his creditor when this transfer was made. Undoubtedly the debt was preferred, and doubtless the scheme was concocted to prefer it; but the preference was to Frank Fish, the then owner of the note. And the judgment which requires him to restore to the bankrupt's estate the property turned over by the bankrupt to work such preference has fully covered the requirements of such section.

The defendants Cora F. Taylor and Howland Fish had indorsed two certain notes, for $500 each, which at the time of such transfer were held by Otto M. Pratt, one of which was to become due on January 15th, and the other on May 23d, then next. Upon the two there was then owing for principal and interest about $1,040. In the agreement which transferred such stock of boots and shoes from the bankrupt, Taylor, to Frank Fish, Fish undertook to pay, as part of the purchase price of the same, such two notes, to the amount of $1,040. Undoubtedly such agreement was intended to prefer the two notes over the other creditors of Taylor, and it is therefore claimed that their subsequent payment by Fish as they became due inured to the benefit of such indorsers, and that therefore a judgment may be recovered against them by this plaintiff, under the provisions of said section 60, as persons benefited by such preference. Such transfer to Fish was made on November 26, 1898. On December 12th a petition was filed by said Pratt against said Taylor, charging that such transfer was fraudulent and void, and praying that he be adjudged a bankrupt. On December 27th an order was entered in such proceeding enjoining said Fish from disposing of any of the property so transferred to him, except to retail the same for cash in the ordinary course of business, and deposit the receipts in bank to the order of the court. And subsequently, in June, Taylor was adjudged a bankrupt, and this plaintiff appointed the trustee of his property. Fish did pay to Pratt at the maturity of each note the amount due thereon. He testified that he used none of the stock so transferred to him, nor any of the proceeds therefrom, to make such payments, but that he used his own funds, and that when he paid the notes he took them up, and holds them yet. This statement of Fish's is not contradicted in any way. And the question arises, what is the legal effect of such a transaction? The money with which Fish took up these notes was his own money. It never formed any part of Taylor's assets. True, Fish had promised to pay such amount in exchange for goods received from the bankrupt, but he had not done so when the bankruptcy proceedings interfered and enjoined him from using the property so transferred to him. Such interference by Taylor's creditors being a repudiation of such sale and transfer, Fish's liability to pay such unpaid portion of the purchase price ceased. So far as he had actually turned over property to Taylor, or paid him money

on that fraudulent transfer, he must lose the same. . Equity gives him no relief for that. But neither Taylor nor his creditors could avoid such transfer, and still insist upon Fish's paying for the same. When they deprived Fish of the property for which he had agreed to pay this sum of $1,040, the right to claim that amount as purchase money due to Taylor ceased. Equity does not give to Taylor or to his creditors both the property and the purchase money still owing thereon. The estate of the bankrupt has not, therefore, been in any way depleted by the payment of the two notes in question. If they are to be deemed paid; if Fish may not still hold them to his own use, as claims against the bankrupt's estate,—they have been paid by Fish's property, and not by the bankrupt's. So far as any transfer of the bankrupt's property has been made to secure a preference to those notes, it was made to Fish alone, and, under the judgment in this action, will be by him restored to such estate. No liability, therefore, arises, under section 60 of said act, against either the holder or the indorsers, to restore the amount so paid. A preference has not been given to such notes in violation of that section. Furthermore, there is no claim that either of such indorsers had, at the time it was made, any knowledge of the fraudulent transfer by which Taylor intended to prefer such notes. Not until December 15th, when the commencement of the proceedings in bankruptcy gave them notice, did either have any knowledge of any such purpose. And soon thereafter Fish was enjoined from using any of the proceeds of the property so transferred. What reason had the indorsers to believe, from a knowledge of such facts, that Fish would pay such notes at their maturity? What reason had they to believe that Pratt, who had instituted such proceedings, would receive such payment, even if offered? The judgment against such indorsers can be sustained under the provisions of section 60 only in the event that they "had reasonable cause to believe that it was intended to thereby prefer" those notes. When the bankrupt acted in the matter, and transferred his property with the prohibited intent, they had no knowledge whatever concerning the transaction, and from all that they learned thereafter the clear inference was that no preference would in fact ever be given. In this respect, also, it seems that these indorsers are not brought within the provisions of section 60.

We conclude, therefore, that such provisions of the judgment against the defendants Elizabeth Fish, Howland Fish, and Cora F. Taylor are erroneous, and should be reversed. All concur.